UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA RENEA HOLMES,

    Plaintiff,

v.                                              Case No. 8:25-cv-88-KKM-NHA

SECRETARY OF STATE OF
WASHINGTON DC,

    Defendant.

## ORDER

In an April 3, 2025, report (Doc. 5), the United States Magistrate Judge recommends denial of pro se plaintiff Lisa Renea Holmes's motion to proceed in forma pauperis, (Doc. 3), and dismissal of this action without prejudice. The deadline to object has passed without an objection.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct

a de novo review of that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even absent an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Absent an objection and after reviewing the factual allegations and legal conclusions, the Court adopts the Magistrate Judge's recommended disposition. Holmes fails to cite any law that would give her a basis for relief against the Secretary. As a result, Holmes fails to state a claim upon which relief may be granted. This means that Holmes's motion to proceed in forma pauperis must be denied and that her complaint must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

Finally, although a plaintiff is ordinarily afforded a chance to amend her complaint, the deficiencies in Holmes's complaint are not "curable." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Holmes's complaint names the "Secretary of State of Washington, DC," (Doc. 1) at 1, but it is not clear whether she means the United States Secretary of State or the Secretary of the District of Columbia. Either way, nothing in her complaint, which primarily discusses harms that Holmes allegedly suffered at St. Mary's Medical Center in West Palm

Beach, Florida, is plainly connected to either of those officials. Any amendment would therefore be futile.

Accordingly, the following is **ORDERED**:

1. The Magistrate Judge's recommended disposition (Doc. 5) is **ADOPTED**.

2. Holmes's Motion to Proceed In Forma Pauperis (Doc. 3) is **DENIED**.

3. Holmes's action is **DISMISSED WITHOUT PREJUDICE**.

4. The Clerk is directed to enter judgment, which shall read "This case is dismissed without prejudice."

5. The Clerk is directed to **CLOSE** this case and mail Holmes a copy of this Order.

**ORDERED** in Tampa, Florida, on April 21, 2025.

Kathryn Kimball Mizelle
United States District Judge